UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ELIZABETH STOKES,

                        Plaintiff,

v.                                             **DECISION AND ORDER**
                                                        12-CV-89S

NESTLE PURINA PETCARE COMPANY,

                        Defendant.

## I. INTRODUCTION

Plaintiff, Elizabeth Stokes, a former employee of Defendant Nestle Purina Petcare Company, commenced this action in January 2012 asserting causes of action for employment discrimination based on sex in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*, and on age in violation of the Age Discrimination in Employment Act (the "ADEA"), 29 U.S.C. §§ 621 *et seq.*, as well as a related retaliation claim. Pending before this Court is Defendant's motion to dismiss.[1] For the reasons discussed below, this Court finds the matter fully briefed and oral argument unnecessary, and concludes that Defendant's motion should be granted in part and denied in part.

---

[1] In support of its motion, Defendant submitted the Attorney Affirmation of Matthew C. Van Vessem, Esq., with Exhibits A-E (Docket No. 7) and a supporting Memorandum of Law (Docket No. 8). Plaintiff responded with a Memorandum of Law in opposition (Docket No. 13), to which Defendant filed a reply Memorandum of Law (Docket No. 14).

## II. BACKGROUND

Plaintiff, a female over forty years of age, was employed by Defendant from 1998 to 2010 as a utility operator. (Compl. ¶¶ 9-14, 54-59, Docket No. 1). As alleged in her complaint, in May 2010, Plaintiff was written up by Erika Jacobson, Acting Department Manager, for wearing her long hair down in violation of company policy. (Compl. ¶ 15.) Plaintiff complained to Ron Bowers, the plant manager, that Jacobson was selectively enforcing this policy against Plaintiff despite other employees, including both women with long hair and men who wore ponytails, being permitted to keep their hair down. (Id. ¶ 16.) Plaintiff's immediate supervisor, Scott Hultberg, informed her of comments that Jacobson routinely made about Plaintiff's hair and nose ring. (Id. ¶ 17.) When Plaintiff complained to Bowers that "she was being harassed, he said he didn't think she was." (Id. ¶ 18.)

Shortly thereafter, Plaintiff was in a meeting to discuss a "hold order," or product being returned for bad seals, when a coworker commented on the man Plaintiff was dating at the time. (Id. ¶¶ 19-26). At that meeting, Plaintiff asked the Department manager, Jaime Perkins, why the operators and packers were being held accountable for the loss when employees had previously complained that they "could not run the product at a certain speed but were told to do it anyway[]." (Id. ¶ 27.) When Plaintiff commented that the problem would not have occurred without such orders from management, Perkins told Plaintiff it was none of her business, and that she should go home for the day. (Id. ¶¶ 29-31.) Plaintiff then received a phone message that she was suspended until further notice, and she remained on suspension for five days. (Id. ¶¶ 33-34.) Plaintiff asserts this length of time was unprecedented, as suspensions usually ran three days. (Id. ¶¶ 34-35.) Further, two men had questioned management in prior meetings and were not punished.

2

(Id. ¶ 32.)

After Plaintiff returned to work, she was informed that she could no longer take breaks outside of her work area, a change from the previous practice of allowing employees to take breaks wherever they wanted. (Id. ¶¶ 41-42, 44.) Plaintiff was specifically told that she could not go into the work area of the man she was dating, Al Grzegorzewski, and he was similarly instructed not to come to Plaintiff's department or speak with her unless it was work related. (Id. ¶¶ 45-47.) Plaintiff was told by Hultberg that Perkins instructed him to restrict all employees to take their breaks within the department because Perkins did not want Plaintiff to think she was specifically harassing Plaintiff. (Id. ¶¶ 17, 48-49.) Plaintiff alleges that, upon information and belief, Perkins knew Grzegorzewski's wife from church. (Id. ¶ 52.)

Plaintiff further alleges that on July 25, 2010, a shift operator set up the line with the wrong code. (Id. ¶ 54.) When Plaintiff arrived for work, her supervisor Hultberg told her to work another employee's line while he took a break, which Plaintiff did. (Id. ¶¶ 54.) Plaintiff did not check the code then, but when she returned to this same line a few hours later, she noticed that the line was incorrectly labeled. (Id. ¶¶ 55-57.) Quality Control Managers were called, and they decided to release the product for sale. (Id. ¶ 58.) Plaintiff was fired three days later, and she "was told she was fired as her final warning for quality control." (Id. ¶¶ 59-60.) Plaintiff alleges that "[e]mployees who are younger and male have had more violations than [she had], but have not been fired." (Id. ¶¶ 59-61.)

Plaintiff filed a charge of discrimination with the New York State Division of Human Rights ("DHR") and the Equal Employment Opportunity Commission ("EEOC") in October 2010. (Compl. ¶ 6.) DHR determined that there was no probable cause to believe that

Defendant engaged in unlawful discrimination, following which Plaintiff received a right-to-sue letter from the EEOC. (Compl. ¶ 7.) Plaintiff thereafter commenced the instant action in this Court alleging causes of action for sex and/or religious discrimination, age discrimination, and retaliation. Defendant now moves to dismiss the complaint for lack of subject matter jurisdiction and the failure to state a claim. See Fed. R. Civ. P. 12 (b)(1);(b)(6).

### III. DISCUSSION

In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a court must accept all factual allegations in the complaint as true and make all reasonable inferences in a plaintiff's favor. ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007). In order to survive such a motion, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)); ATSI Commc'ns, Inc., 493 F.3d at 98. This assumption of truth applies only to factual allegations and is inapplicable to legal conclusions. Iqbal, 556 U.S. at 678. Further, although " 'a complaint in an employment discrimination lawsuit [need] not contain specific facts establishing a prima facie case of discrimination[,]' . . . [it must state] . . . only enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 547 (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

4

misconduct alleged." Iqbal, 556 U.S. at 678. In making its determination, a court is entitled to consider, as relevant here:

> (1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents 'integral' to the complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint, (4) . . . , and (5) facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence.

In re Merrill Lynch & Co., Inc., 273 F.Supp.2d 351, 356-357 (S.D.N.Y. 2003)(citations omitted), aff'd 396 F.3d 161 (2d Cir. 2005), cert denied 546 U.S. 935 (2005); see Weiss v. Inc. Vill. of Sag Harbor, 762 F. Supp. 2d 560, 567 (E.D.N.Y. 2011).

### A. Religious Discrimination Claim

In her first cause of action asserting a violation of Title VII, Plaintiff alleges that the efforts of Plaintiff's manager, Perkins, in hindering Plaintiff's sexual relationship with Grzegorzewski, as well as Perkins' affiliation of Grzegorzewski's wife through church, "would allow a reasonable jury to infer that [Perkins'] actions are based on either a gender stereotype or religious bias towards [Plaintiff's] conduct." (Id. ¶¶ 72-73.) Defendant argues that any religious discrimination claim must be dismissed based on Plaintiff's failure to exhaust administrative remedies. (Def's Mem. of Law at 9-10, Docket No. 8.) Defendant correctly asserts that a failure to first present a claim to EEOC or a state administrative agency may result in dismissal where the new claim is not reasonably related to the charge before the administrative agency. See Miller v. Int'l Tel. & Tel. Corp., 755 F.2d 20, 25-26 (2d Cir. 1985), cert denied 474 U.S. 851 (1985); Ghadersohi v. Roswell Park Inst., No. 10-CV-143S, 2011 WL 4572539, *2-3 (W.D.N.Y. Sept. 30, 2011). Although Defendant erroneously addresses this exhaustion requirement as a jurisdictional one, (Def's Mem of

Law at 9-10), the timely filing of a particular claim with the EEOC or state administrative agency " '. . . is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling.' " Francis v. City of New York, 235 F.3d 763, 767 (2d Cir. 2000) (quoting Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393, 102 S. Ct. 1127, 71 L.Ed.2d 234 (1982)).

Plaintiff's failure to exhaust administrative remedies nonetheless requires dismissal of any religious discrimination claim pursuant to Rule 12(b)(6).  In her administrative complaint before the DHR, simultaneously filed with the EEOC, Plaintiff alleged "unlawful discriminatory practice relating to employment because of age, opposed discrimination/retaliation, sex, [and] *marital status*." (Att'y Aff. of Matthew C. Van Vessem, Esq., Ex. A p. 2, Docket No. 7 (emphasis added); see Compl. ¶¶ 5-6 (referencing and relying on this document).) Thus, there is no reference to a religious bias claim.  Further, although claims reasonably related to those filed with the state agency or EEOC may be brought in district court, Williams v. New York City Hous. Auth., 458 F.3d 67, 70 (2d Cir. 2006)(citing Butts v. City of New York Dep't of Hous. Pres. & Dev., 990 F.2d 1397, 1401 (2d Cir. 1993)), there is no merit to Plaintiff's argument here that the religious discrimination claim "is identical to the marital status claim" raised in the administrative complaint. (Pl's Mem of Law in Opp'n at 7, Docket No. 13.)  As relevant here,[2] "[a] claim is considered reasonably related if the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge that was made."

---

[2]"Two other types of claims are considered 'reasonably related' to a claim with the EEOC: (1) a claim 'alleging retaliation by an employer against an employee for filing an EEOC charge,' and (2) a claim where the plaintiff 'alleges further incidents of discrimination carried out in precisely the same manner alleged in the EEOC charge.' " Williams, 458 F.3d at 70 n. 1 (quoting Butts, 990 F.2d at 1402-03)).

Fitzgerald v. Henderson, 251 F.3d 345, 359-60 (2d Cir. 2001)(internal quotation marks omitted), *cert denied* 536 U.S. 922 (2002). There is no reference in this administrative complaint to either Perkins' church affiliation or Perkins' possible knowledge of Grzegorzewski's wife through her church. Thus, there are no allegations in the administrative complaint that would put the DHR on notice of a religious bias claim that Plaintiff now asserts before this Court.

In any event, this claim is also subject to dismissal because she was not subjected to an adverse employment action. To rise to the level of an adverse employment action impermissible under Title VII, the employment action "must cause a materially adverse change in the terms and conditions of employment, and not just mere inconvenience." Pantane v. Clark, 508 F.3d 106, 112 (2d Cir. 2007)(internal quotation marks and citation omitted). Here, the limitation of where Plaintiff is permitted to eat her lunch fails to meet this criteria. See Walder v. White Plains Bd. of Educ., 738 F. Supp. 2d 483, 498-499 (S.D.N.Y. 2010)(allegations that plaintiff was not given a free-period, denied late entry, and precluded from checking her email did not amount to adverse employment actions); Pierre v. N.Y.S. Dept. of Corr. Servs., No. 05 Civ. 0275, 2009 WL 1583475, *13 (S.D.N.Y. June 1, 2009)(alteration of unofficial lunch time not adverse employment action). Plaintiff's first cause of action is therefore dismissed to the extent it alleges discrimination based on religion.

**B.   Retaliation Claim**

Plaintiff's third cause of action is for retaliation in violation of Title VII and the ADEA. In order to establish a claim of retaliation under either Title VII or ADEA, a plaintiff must show that (1) she was engaged in an activity protected under Title VII or ADEA; (2) her

7

employer was aware of this protected activity; (3) an adverse employment action was taken against the plaintiff; and (4) " 'that a causal connection exists between the protected activity and the adverse action, i.e., that a retaliatory motive played a part in the adverse employment action.' " Kessler v. Westchester County Dept. of Social Servs., 461 F.3d 199, 205-06 (2d Cir. 2006)(quoting Cifra v. General Elec. Co., 252 F.3d 205, 216 (2d Cir. 2001); Foster v. Humane Society of Rochester and Monroe County, Inc., 724 F.Supp.2d 382, 394-95 (W.D.N.Y. 2010). "[I]mplicit in the requirement that the employer have been aware of the protected activity is the requirement that it understood, or could reasonably have understood, that the plaintiff's opposition was directed at conduct prohibited by Title VII" or the ADEA. Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp., 136 F.3d 276, 292 (2d Cir. 1998); see Foster, 724 F. Supp. 2d at 395 (engaging in a protected activity requires a plaintiff to oppose statutorily prohibited discrimination, not simply complain about unrelated work problems).

Plaintiff alleges that she was engaged in a protected activity when she complained to Bowers and Hultberg in May 2010 that she was being harassed by Perkins and Jacobson. (Compl. P. 7[3] ¶ 3.) According to the allegations in her complaint, however, Plaintiff complained at that time of being singled-out because all other workers with long hair, both men and women, were allowed to keep their hair down. (Compl. ¶¶ 16-18.) Thus, by her own admission, Plaintiff never complained of gender discrimination, an activity protected under Title VII. See 42 U.S.C. § 2000e-3(a); Foster, 724 F. Supp. 2d at 395. There is also no allegation that Plaintiff complained to any supervisor or took any action

---

[3] Plaintiff begins to renumber her paragraphs in her third cause of action.

8

at any time in opposition to perceived age discrimination, which would be a protected activity under the ADEA. 29 U.S.C. § 623 (d). Accordingly, this Court agrees with Defendant that Plaintiff failed to allege "enough facts to state a claim to relief that is plausible on its face," Twombly, 550 U.S. at 547; see Swierkiewicz, 534 U.S. at 508, and this cause of action must also be dismissed.

**C.    Discrimination Claims**

To establish a prima facie claim of discrimination under Title VII or the ADEA, a plaintiff must show that: (1) she is a member of a protected class; (2) her job performance was satisfactory; (3) she suffered an adverse employment action; and (4) the circumstances surrounding that action permit an inference of discrimination. See Williams v. R.H. Donnelley, 368 F.3d 123, 126 (2d Cir. 2004)(Title VII); Grady v. Affiliated Cent., Inc., 130 F.3d 553, 559 (2d Cir. 1997), *cert denied* 525 U.S. 936 (1998)(ADEA).  The Second Circuit has recently recognized, however, that "[t]he pleading standard for employment discrimination complaints is somewhat of an open question in our circuit" following the Supreme Court's ruling in Iqbal. Hedges v. Town of Madison, 456 Fed. Appx. 22, 23 (2d Cir. 2012)(citing Iqbal, 556 U.S. 662; Twombly 550 U.S. at 570; Swierkiewicz, 534 U.S. at 515).  In resolving this issue at the district level, courts have generally found that "a complaint need not establish a prima facie case of employment discrimination to survive a motion to dismiss; however, 'the claim must be facially plausible and must give fair notice to the defendants of the basis for the claim.' " Kleehammer v. Monroe County, 743 F.Supp.2d 175, 183 (W.D.N.Y. 2010)(quoting Barbosa v. Continuum Health Partners, Inc., 716 F.Supp.2d 210, 215 (S.D.N.Y. 2010); McDowell v. North Shore-Long Jewish Health Sys., 839 F.Supp.2d 562, 565 (E.D.N.Y. 2012); Fowler v. Scores Holding Co., Inc.,

677 F.Supp.2d 673, 678 -679 (S.D.N.Y. 2009).

Recognizing that "[t]he plausibility standard is not akin to a probability requirement," Iqbal, 556 U.S. at 678 (internal quotation marks omitted), this Court concludes that Plaintiff has alleged a facially plausible claim of disparate treatment based on sex and age. In her causes of action for discrimination in violation of Title VII and the ADEA, Plaintiff alleges that she was performing the same job on the same line as two younger male coworkers, and although all three failed to notice that an incorrect code had been input by one of Plaintiff's coworkers, Plaintiff was the only one whose job was terminated. (Compl. ¶¶ 67-69, 79-80.) Plaintiff has therefore sufficiently, if sparsely, alleged disparate treatment claims that survive Defendant's motion to dismiss. Defendant's argument that the coworkers may not in fact be similarly situated due to Plaintiff's history of prior violations requires consideration of factual issues outside the scope of the Complaint and the documents relied on therein, and therefore this issue is improperly resolved at this juncture. (Def's Mem of Law at 21-22.)

The same conclusion cannot be reached with respect to Plaintiff's claim that her five-day suspension was the result of discrimination. Although Plaintiff alleges that two men had previously questioned management decisions in meetings without repercussion, there is nothing in the Complaint from which to infer that Plaintiff was similarly situated with these men in terms of either their positions or the manner in which management was questioned. See Malcolm v. Honeoye Falls Lima Cent. School Dist., No. 11-1894-cv, 2012 WL 1918427, *2 (2d Cir. May 29, 2012)(fact that plaintiff was similarly situated in all material respects to more favorably treated individuals is a basic element of a disparate treatment claim) (citing Graham v. Long Island R.R., 230 F.3d 34, 39 (2d Cir. 2000));

(Compl. ¶ 32.). Thus, Plaintiff failed to plead any facts that would create an inference that the suspension was imposed on the basis of her gender. Patane, 508 F.3d at 112 & n. 3 (no short, plain statement of the claim as required by Rule 8 where plaintiff failed to allege "even the basic elements of a discriminatory action claim"); see Amron v. Morgan Stanley Inv. Advisors Inc., 464 F.3d 338, 343 (2d Cir. 2006)(at the pleading stage a plaintiff must allege "those facts *necessary* to a finding of liability" (emphasis in original)). Further, unlike her claim of discriminatory termination, Plaintiff fails to allege that these employees were younger than her. (Compl. ¶ 32.) Thus, Plaintiff's pleading lacks factual allegations sufficient to raise a right to relief on her claim of a discriminatory suspension above a speculative level. See Twombly, 550 U.S. at 555. This claim will therefore be dismissed. Because it cannot be said at this time that granting leave to amend this claim would be futile, the dismissal will be without prejudice. The Court will consider granting leave to amend the complaint if and when such a motion is made by Plaintiff.

## IV. CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss is granted in part. Plaintiff's first and second causes of action are dismissed without prejudice insofar as they allege sex and age discrimination based on her five-day suspension. The claim of discrimination based on religion in the first cause of action and the entirety of the third cause of action for retaliation are dismissed with prejudice.

## V.  ORDERS

IT HEREBY IS ORDERED that Defendant's motion to dismiss (Docket No. 7) is GRANTED in part and DENIED in part.

SO ORDERED.

Dated: August 23, 2012
      Buffalo, New York

                                        <u>/s/William M. Skretny</u>
                                        WILLIAM M. SKRETNY
                                              Chief Judge
                                        United States District Judge